UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| TERRY DAVIS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. 1:15-cv-01206-TWP-TAB |
| ) | |
| ZATECKY, ) | |
| ) | |
| Defendant. ) | |

**Entry Discussing Complaint,
Severing Misjoined Claims, and Directing Further Proceedings**

This matter is before the Court for screening pursuant to 28 U.S.C. § 1915A(b). Plaintiff Terry Davis ("Mr. Davis"), an inmate at the Pendleton Correctional Facility, filed this action pursuant to 42 U.S.C. § 1983 raising a number of civil rights allegations.

**I. Screening**

Because Mr. Davis is a prisoner, the complaint is subject to the screening requirement of 28 U.S.C. § 1915A(b). Pursuant to this statute, "[a] complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show that plaintiff is not entitled to relief." *Jones v. Bock,* 549 U.S. 199, 215 (2007). In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Lagerstrom v. Kingston,* 463 F.3d 621, 624 (7th Cir. 2006). To survive dismissal under federal pleading standards,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). Thus, a "plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to her that might be redressed by the law." *Swanson v. Citibank, N.A.,* 614 F.3d 400, 403 (7th Cir. 2010) (emphasis in original). "[T]he first step in any [' 1983] claim is to identify the specific constitutional right infringed." *Albright v. Oliver,* 510 U.S. 266, 271 (1994). Constitutional claims are to be addressed under the most applicable provision. *See Conyers v. Abitz,* 416 F.3d 580, 586 (7th Cir. 2005).

Having screened the claims in Mr. Davis's complaint, the Court finds that certain claims will be dismissed while others shall proceed, consistent with the following:

First, defendants Superintendent Zatecky, Officer Ledyard, Greivance Coordination J. Hammack, Ex. Dir. Fac. Hd. W. Scaife, D.O.C. Ombudsman, and I.A. Francum are listed as defendants, but no allegations are made against these defendants in the body of the complaint. Accordingly any claims against these defendants are **dismissed**. *See Potter v. Clark,* 497 F.2d 1206, 1207 (7th Cir. 1974)("Where a complaint alleges no specific act or conduct on the part of the defendant and the complaint is silent as to the defendant except for his name appearing in the caption, the complaint is properly dismissed.").

Next, the claim against Officer Thrasher for filling a false conduct report against Mr. Davis must be **dismissed**. As presented these allegations fail to state a claim upon which relief may be granted. Ordinarily, "even assuming fraudulent conduct on the part of prison officials, the protection from such arbitrary action is found in the procedures mandated by due process." *Lagerstrom v. Kingston*, 463 F.3d 621, 625 (7th Cir. 2006) (quoting *McPherson v. McBride,* 188 F.3d 784, 787 (7th Cir. 1999); *see also Hanrahan v. Lane,* 747 F.2d 1137, 1141 (7th Cir.1984) ("We find that an allegation that a prison guard planted false evidence which implicates an inmate

in a disciplinary infraction fails to state a claim for which relief can be granted where the procedural due process protections as required in *Wolff v. McDonnell* are provided."); *Newsome v. McCabe,* 256 F.3d 747, 751-52 (7th Cir. 2001) (holding that no federal constitutional claim-in particular none premised on substantive due process-exists for "malicious prosecution"). In addition, to the extent that the conduct reports and subsequent disciplinary proceeding resulted in the deprivation of earned credit time, his claim must be dismissed. When a prisoner makes a claim that, if successful, could shorten his term of imprisonment, the claim must be brought as a habeas petition, not as a ' 1983 claim. *Heck v. Humphrey,* 512 U.S. 477 (1994). In *Edwards v. Balisok,* 520 U.S. 641 (1997), the foregoing rule was "extend[ed] . . . to the decisions of prison disciplinary tribunals." *Gilbert v. Cook*, 512 F.3d 899, 900 (7th Cir. 2007).

Any claim against Officer Dale for spraying Mr. Davis with mace must be **dismissed** because Mr. Davis alleges that "no injuries were sustained." A successful claim under the Eighth Amendment requires proof of obvious physical injury or of extreme and officially-sanctioned psychological harm. *See Doe v. Welborn,* 110 F.3d 520, 524 (7th Cir. 1997)(fear of assault was not "the kind of extreme and officially sanctioned psychological harm that [supports] a claim for damages under the Eighth Amendment").

Mr. Davis's claim that Officer Blake Thrasher assaulted him **shall proceed** as a claim that this defendant used excessive force against him in violation of the Eighth Amendment. Mr. Davis's allegations against defendant Officer A. Kraus is that this defendant "yelled at Ofc. Thrasher, intervening, telling him to 'let me go.'" **Any claim against A. Kraus is dismissed**. Mr. Davis does not allege facts that would support a claim of excessive force or failure to intervene against this defendant. To the contrary, Mr. Davis claims that defendant Krause attempted to intervene to stop Officer Thrasher's alleged use of force. *See Tregenza v. Great American Communications*

*Co.*, 12 F.3d 717, 718 (7th Cir. 1993) (when a plaintiff "pleads facts that show his suit is . . . without merit, he has pleaded himself out of court."). Any claim against defendants Sgt. Cooperider and K. Karkosy **is dismissed** because the only allegation against these defendants is that these individuals turned over custody of Mr. Davis to Officer Thrasher. Mr. Davis does not allege that either of these defendants participated in or even observed the alleged assault. He has therefore failed to state a constitutional claim against them. *Bell Atl. Corp. v. Twombly,* 127 S. Ct. 1955, 1965 (2007)("Factual allegations [in a complaint] must be enough to raise a right to relief above the speculative level."; that is, there must be "enough facts to state a claim to relief that is plausible on its face.").

Mr. Davis's claim against Lt. D. Mason that this defendant ordered an unknown officer to put a bag over his head **shall proceed** as a claim that this defendant used excessive force against him and failed to protect him from the use of force in violation of the Eighth Amendment. Any claim that Nurse Howard attempted to assist him, but was directed by Lt. Mason not to, is **dismissed** because Mr. Davis does not state a claim for excessive force or failure to protect against this defendant. To the contrary, Mr. Davis alleges that Nurse Howard attempted to assist him.

## II. Improperly Joined Claim

Mr. Davis finally claims that defendants Sgt. Rinehart and D. Alsip are attempting to or have illegally removed funds from his inmate trust account for restitution. This claim violates the joinder of claims limitation of the *Federal Rules of Civil Procedure*. That is, "unrelated claims against different defendants belong in different suits. . . ." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). Joinder of the defendants into one action is proper only "if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law

or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a). Because it is improperly joined, the claim against defendants Sgt. Rinehart and D. Alsip is **dismissed**.

### III. Further Proceedings

As stated above, Mr. Davis has failed to state a claim for relief with respect to several of the claims in his complaint. As for the remaining claims, those claims must be brought in separate lawsuits.

Accordingly, **the following claims shall proceed in this action**: (1) Mr. Davis's claim that Officer Blake Thrasher used excessive force against him in violation of the Eighth Amendment; and (2) His claim that Lt. D. Mason used excessive force against him and failed to protect him from the use of force in violation of the Eighth Amendment.

The claim that defendants Sgt. Rinehart and D. Alsip are attempting to or have illegally removed funds from his inmate trust account for restitution **must be brought in a separate lawsuit**.

Mr. Davis shall have **through September 25, 2015**, in which to notify the Court of the following: (1) whether he believes he has asserted any claim in his Complaint which has not been discussed in this Entry; and (2) whether he wishes the claim against Sgt. Rinehart and D. Alsip for attempting to or illegally removing funds from his inmate trust account for restitution, to be severed into a separate lawsuit. Mr. Davis is reminded that if that claim is severed into a new lawsuit, that lawsuit will be subject to a separate filing fee and the screening requirement of 28 U.S.C. § 1915A(b).

The **clerk is designated** pursuant to *Federal Rule of Civil Procedure* 4(c)(3) to issue process to defendants **Blake Thrasher and Lt. D. Mason** in the manner specified by Rule 4(d)(1). Process shall consist of the complaint, applicable forms (Notice of Lawsuit and Request for Waiver

of Service of Summons and Waiver of Service of Summons), and this Entry. **The clerk shall add Officer Blake Thrasher and Lt. D. Mason as defendants to this action and terminate defendant Zatecky.**

  IT IS SO ORDERED.

Date: 9/1/2015

_____
TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

TERRY DAVIS
966898
PENDLETON CORRECTIONAL FACILITY
Electronic Service Participant – Court Only

Blake Thrasher
David Mason

    Both At:

    Pendleton Correctional Facility
    4490 W. Reformatory Road
    Pendleton, IN 46064