UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| TERRY DAVIS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. 1:15-cv-01206-TWP-TAB |
| ) | |
| DAVID MASON and BLAKE THRASHER, ) | |
| ) | |
| Defendant. ) | |

E N T R Y

I.

This matter is before the Court on the Plaintiff's Verified Motion for Appointment of Counsel [dkt 15]. The motion has been considered. Pursuant to 28 U.S.C. § 1915(e)(1), courts are empowered only to "request" counsel. *Mallard v. United States District Court*, 490 U.S. 296, 300 (1989). If this Court had enough lawyers willing and qualified to accept a pro bono assignment, it would assign a pro bono attorney in almost every pro se case. But there are not nearly enough attorneys to do this. As a result, this Court has no choice but to limit appointment of counsel to those cases in which it is clear under the applicable legal test that the plaintiff must have the assistance of a lawyer.

"When confronted with a request . . . for pro bono counsel, the district court is to make the following inquiries: (1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" *Pruitt v. Mote*, 503 F.3d 647, 654-655 (7th Cir.

2007). The court must deny "out of hand" a request for counsel made without a showing of such effort. *Farmer v. Haas*, 990 F.2d 319 (7th Cir.), *cert. denied*, 114 S. Ct. 438 (1993).

The plaintiff asserts that he has been unsuccessful in recruiting representation on his own. In support he attaches a letter demonstrating that he has contacted one attorney in his attempts to obtain counsel. A sampling as small as this does not constitute a reasonable effort to retain counsel. In addition, the defendants have not yet responded to the complaint. Under these circumstances it is too early to determine the difficulty of this case. *Kadamovas v. Stevens,* 706 F.3d 843, 845 (7th Cir. 2013) ("[U]ntil the defendants respond to the complaint, the plaintiff's need for assistance of counsel . . . cannot be gauged.").

Based on the foregoing, therefore, the plaintiff's motion for appointment of counsel [dkt. 15] is **denied**. The plaintiff should continue his own efforts to secure representation. The plaintiff may renew his request for counsel after he can demonstrate that he has made a reasonable effort to obtain counsel and after the defendants have responded to the complaint.

## II.

The plaintiff's motion for an extension of time [dkt 16] is **granted in part.** The plaintiff shall have **through October 30, 2015**, in which to respond to the directions in the Entry of September 1, 2015. Any request in the plaintiff's motion that he be transferred or granted separatee status is **denied**. This request is treated as a request for injunctive relief. Applicants for preliminary relief must demonstrate at least that they have some likelihood of success on the merits and that they will suffer irreparable harm if the requested relief is denied. *See Roland Machinery Co. v. Dresser Industries, Inc.,* 749 F.2d 380, 386-87 (7th Cir. 1984). The plaintiff cannot make such a showing at this time. Even if a constitutional infirmity is noted in connection with any of the conditions or practices the plaintiff alleges, the Supreme Court made clear in *Lewis v. Casey,* 116

S. Ct. 2174, 2185 (1996), that "strong considerations of comity . . . require giving the States the first opportunity to correct errors made in the internal administration of their prisons." Further, the plaintiff has not satisfied the first factor for granting injunctive relief: that he will likely succeed on his request for relief. *See Whitford v. Boglino*, 63 F.3d 527, 532 (7th Cir. 1995) ("A prisoner has no due process right to be housed on any particular facility."). The plaintiff may renew any appropriate request for injunctive relief after the defendants have appeared in the action and after the plaintiff has, in a manner linked to the claims which will proceed in this case, given the defendants the "first opportunity" to address the conditions and practices he asserts in this case.

**IT IS SO ORDERED.**

Date: 9/28/2015

*[signature]*
TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

TERRY DAVIS
966898
PENDLETON CORRECTIONAL FACILITY
Electronic Service Participant – Court Only