UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| TERRY DAVIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 1:15-cv-01206-TWP-TAB |
| | ) | |
| DAVID MASON and BLAKE THRASHER, | ) | |
| | ) | |
| Defendant. | ) | |

# E N T R Y

The Court has considered the plaintiff's renewed motion for appointment of counsel. Pursuant to 28 U.S.C. § 1915(e)(1), courts are empowered only to "request" counsel. *Mallard v. United States District Court*, 490 U.S. 296, 300 (1989). As explained in the Court's previous Entry denying the plaintiff's earlier request for counsel, if this Court had enough lawyers willing and qualified to accept a pro bono assignment, it would assign a pro bono attorney in almost every pro se case. But there are not nearly enough attorneys to do this. As a result, this Court has no choice but to limit appointment of counsel to those cases in which it is clear under the applicable legal test that the plaintiff must have the assistance of a lawyer. "When confronted with a request . . . for pro bono counsel, the district court is to make the following inquiries: (1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" *Pruitt v. Mote*, 503 F.3d 647, 654-655 (7th Cir. 2007).

Based on the renewed motion does the Court still cannot conclude that plaintiff is incompetent to litigate this case himself at this time. The Court notes that the plaintiff's Complaint

and other filings have been comprehensible. Further, the plaintiff should be aware of the facts surrounding his allegations of excessive force and his attempts to exhaust his available administrative remedies, which is the subject of the pending motion for summary judgment. That motion is now fully briefed and must be decided before the case proceeds further. In addition, to the extent that the plaintiff alleges he has inadequate library time, the Court will consider any good faith request for an extension of time based on the limitations the plaintiff faces.

The plaintiff's motion for the appointment of counsel [dkt 39] is **denied for the present**. If the case continues to proceed, at the appropriate time appointed counsel may become necessary.

**IT IS SO ORDERED.**

Date: 4/22/2016

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

TERRY DAVIS
966898
PENDLETON CORRECTIONAL FACILITY
Electronic Service Participant – Court Only

All electronically registered counsel