UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| TERRY DAVIS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:15-cv-01206-TWP-TAB |
| | ) |
| DAVID MASON and BLAKE THRASHER, | ) |
| | ) |
| Defendants. | ) |

**ENTRY GRANTING MOTION FOR SUMMARY JUDGMENT
AND DIRECTING ENTRY OF FINAL JUDGMENT**

Plaintiff Terry Davis ("Mr. Davis"), an inmate incarcerated by the Indiana Department of Correction ("IDOC") at the Pendleton Correctional Facility ("Pendleton"), brings this action pursuant to 42 U.S.C. § 1983. In his Complaint (Filing No. 2), Mr. Davis alleges that on January 5, 2015, defendant Blake Thrasher ("Officer Thrasher") used excessive force against him, and defendant David Mason ("Lt. Mason") failed to protect him from the use of force and also used excessive force against him.

The Defendants move for summary judgment arguing that Mr. Davis failed to exhaust his available administrative remedies with respect to these claims. For the following reasons, the Defendants' Motion for Summary Judgment (Filing No. 29) is **granted**.

**I. STANDARD OF REVIEW**

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. Proc. 56(a); *see also, Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986); *Spath v. Hayes Wheels Int'l–Ind., Inc.,* 211 F.3d 392, 396 (7th Cir. 2000). In determining the existence of a genuine issue of material fact, the court construes all facts in a light most favorable to the non-

moving party and draws all reasonable inferences in that party's favor. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 255 (1986). The court need only consider the cited materials, Fed. R. Civ. Proc. 56(c)(3), and the Seventh Circuit has "repeatedly assured the district courts that they are not required to scour every inch of the record for evidence that is potentially relevant to the summary judgment motion before them", *Johnson v. Cambridge Indus.,* 325 F.3d 892, 898 (7th Cir. 2003). Furthermore, reliance on the pleadings or conclusory statements backed by inadmissible evidence is insufficient to create an issue of material fact on summary judgment. *Id.* at 901.

## II. FACTS

In January 2014, an incident transpired between Mr. Davis and some correctional officers at Pendleton. Mr. Davis alleges that Officer Thrasher assaulted him and used excessive force against him in violation of the Eighth Amendment. Thereafter, Lt. Mason ordered an unknown officer to put a bag over Mr. Davis' head and used excessive force against him and failed to protect him from the use of force in violation of the Eighth Amendment. Mr. Davis explains that following the incident, he took the proper steps toward exhausting his administrative grievances. On July 31, 2015, he filed this action in federal court.

**A.    Grievance Process**

There is a grievance program in place at Pendleton which was in place during the time that Mr. Davis alleges that his rights were violated. Through the grievance program, inmates may grieve matters that involve actions of individual staff and conditions of confinement. Pursuant to the grievance process, an inmate is required to first attempt to resolve his complaint informally by contacting an appropriate staff member within five working days of the incident, unless the inmate can provide a reasonable explanation for a delay. (Filing No. 31-2 at 15.) If he is unable to resolve

2

his grievance informally, he can proceed to file a Level I formal grievance with the Grievance Coordinator. This must be submitted no later than 20 working days from the date of the incident at issue. The Grievance Coordinator screens the grievance pursuant to the grievance process and may reject it and return it to the inmate unfiled if any of the conditions are unmet. If the grievance form is rejected as unfiled, the Grievance Coordinator returns the grievance form to the inmate with an explanation as to why the form was returned and how it may be corrected on State Form #45475, "Return of Grievance." The inmate then has five working days from the date the grievance form is returned to make the proper revisions and return the grievance form to the Grievance Coordinator. (Filing No. 31-2 at 19.)

Once an adequate grievance form is received, the executive assistant logs the grievance, assigns a case number, and provides a receipt for the grievance to the inmate. If the formal grievance is not resolved in a manner satisfactory to the inmate, or if the inmate does not receive a response to his grievance within 25 working days, the inmate may pursue an appeal.

**B.      Mr. Davis' Exhaustion Attempts**

The computer records and hard copy files kept by the IDOC indicate when an inmate has filed a grievance, the responses he received, how far through the grievance process he pursued his claims, and the ultimate resolution of the grievance. According to Mr. Davis' History of Grievances, he did not file a proper grievance form for an incident occurring in January 2014.

On January 15, 2014, the Grievance Coordinator received a grievance form from Mr. Davis dated January 10, 2014. That grievance form was returned because it was not completely filled out and because the complaint concerned a Classification or Disciplinary Hearing issue or action and he needed to contact Internal Affairs if he was requesting an investigation. Mr. Davis then

3

had five business days to re-submit the grievance form properly. Mr. Davis re-submitted the form on January 23, 2014. The grievance form was again returned to him because it concerned a Classification or Disciplinary Hearing issue or action, and he needed to contact Mr. Francum in Internal Affairs if he was requesting an investigation or the unit team for the separate issue. Mr. Davis again had five business days to re-submit the grievance form properly.

On March 11, 2014, another grievance form was received from Mr. Davis which was dated March 7, 2014. This grievance form was returned to Mr. Davis because he submitted the form too late and had not shown good reason for the delay. On March 28, 2014, Mr. Davis appears to have re-submitted the grievance form. The grievance form was again returned to Mr. Davis because he submitted the form too late and did not show good reason for the delay. Mr. Davis was also informed that "[a]lthough this grievance is being returned to you because you failed to file it in a timely manner, I will forward a copy of the grievance to Internal Affairs because of the seriousness of your complaint."

## III. DISCUSSION

A.   **The Exhaustion Requirement**

The Prison Litigation Reform Act ("PLRA") requires that a prisoner exhaust his available administrative remedies before bringing a suit concerning prison conditions. 42 U.S.C. ' 1997e(a). *See, Porter v. Nussle,* 534 U.S. 516, 524-25 (2002). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Id.* at 532 (citation omitted). The exhaustion requirement of the PLRA is one of "proper exhaustion" because "no adjudicative system can function effectively without imposing some

4

orderly structure on the course of its proceedings." *Woodford v. Ngo,* 548 U.S. 81, 84 (2006). This means that the prisoner plaintiff must have completed "the administrative review process in accordance with the applicable procedural rules, including deadlines, as a precondition to bringing suit in federal court," *Id.* at 84; *see also Dale v. Lappin,* 376 F.3d 652, 655 (7th Cir. 2004) ("In order to properly exhaust, a prisoner must submit inmate complaints and appeals 'in the place, and at the time, the prison's administrative rules require.'") (quoting *Pozo v. McCaughtry,* 286 F.3d 1022, 1025 (7th Cir. 2002)).

B. <u>Mr. Davis' Exhaustion Attempts</u>

The Defendants argue that Mr. Davis failed to exhaust his available administrative remedies with regard to the claims in this case because he never filed a grievance form that complied with the applicable grievance process. Mr. Davis responds that he made a "significant and reasonable effort" to grieve the matter. He also argues that the grievance process does not allow for monetary damages and that he was not required to exhaust excessive force claims.

It is undisputed that Mr. Davis did not exhaust the grievance process with regard to his claims. The evidence shows that he twice attempted to file a grievance form near the time of the events at issue, but each time the grievance form was rejected because his complaints involved a classification decision that was required to be appealed through the classification process. Therefore, these complaints were not sufficient to satisfy the grievance process for Mr. Davis' excessive force claims. *See Dole v. Chandler,* 438 F.3d 804, 808-09 (7th Cir. 2006) (requiring strict compliance with grievance procedures). Mr. Davis does not dispute that when his grievance forms were rejected, he was given an opportunity to attempt to properly re-file his grievance. Mr. Davis still could have filed a grievance related to his claims, but he did not do so in a timely

5

fashion. In other words, there were administrative remedies available to him that he did not pursue before he filed this lawsuit.

Mr. Davis is not excused from failing to exhaust his administrative remedies because he was seeking monetary damages or because he was grieving the use of excessive force. A prisoner must "exhaust his administrative remedies even where the relief sought − monetary damages − cannot be granted by the administrative process." *Woodford*, 548 U.S. at 85 (citing *Booth v. Churner*, 532 U.S. 731, 734 (2001)). In addition, exhaustion is required even where the plaintiff believes that exhaustion would be futile and where the plaintiff is grieving the use of force. *Booth*, 532 U.S. at 741 n. 6; *Porter v. Nussle*, 534 U.S. 516, 532 (2002) ("the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong."

The Defendants have shown that Mr. Davis failed to exhaust his administrative remedies and he has failed to show that the administrative remedies were unavailable to him. The consequence of these circumstances, in light of 42 U.S.C. § 1997e(a), is that Mr. Davis' claims should not have been brought and must now be dismissed without prejudice. *See Pozo,* 286 F.3d at 1024 (explaining that "a prisoner who does not properly take each step within the administrative process has failed to exhaust state remedies, and thus is foreclosed by § 1997e(a) from litigating"); *Ford v. Johnson,* 362 F.3d 395, 401 (7th Cir. 2004) ("We therefore hold that *all* dismissals under § 1997e(a) should be without prejudice.") (emphasis in original).

## IV. CONCLUSION

For the reasons set forth above, Plaintiff Terry Davis has failed to exhaust his available administrative remedies with respect to the issues he raises in his Complaint. Accordingly, the Defendants' Motion for Summary Judgment (Filing No. 29) is **GRANTED**, and Mr. Davis' Complaint is **DISMISSED without prejudice**.

Judgment consistent with this Entry shall now issue.

**SO ORDERED.**

Date: 5/25/2016

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

DISTRIBUTION:

Terry Davis, #966898
Pendleton Correctional Facility
Electronic Service Participant – Court Only

Jared R. Jedick
OFFICE OF THE INDIANA ATTORNEY GENERAL
jared.jedick@atg.in.gov

Sara T. Martin
OFFICE OF THE INDIANA ATTORNEY GENERAL
sara.martin@atg.in.gov