# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | |
|---|---|
| TERRY DAVIS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:15-cv-01206-TWP-TAB |
| | ) |
| DAVID MASON, and BLAKE THRASHER, | ) |
| | ) |
| Defendants. | ) |

## ORDER DISCUSSING MOTION FOR PARTIAL SUMMARY JUDGMENT

This matter is before the Court on a Motion for Partial Summary Judgment (Dkt. 120) filed by Defendant David Mason ("Lieutenant Mason"). Plaintiff Terry Davis (Mr. Davis"), an inmate at the Pendleton Correctional Facility ("Pendleton"), brings this action pursuant to 42 U.S.C. § 1983 alleging that Defendants Blake Thrasher ("Officer Thrasher") and Lieutenant Mason, who are correctional officers at Pendleton, used excessive force against him. Lieutenant Mason seeks summary judgment on Mr. Davis' claim against him and Mr. Davis has not responded. The motion is ripe for resolution. For the reasons that follow, the Motion for Partial Summary Judgment is **granted**.

## I. SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate when the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a). A "material fact" is one that "might affect the outcome of the suit." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). A dispute about a material fact is genuine only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."

*Anderson*, 477 U.S. at 248. If no reasonable jury could find for the non-moving party, then there is no "genuine" dispute. *Scott v. Harris*, 550 U.S. 372, 380 (2007).

To survive a motion for summary judgment, the non-moving party must set forth specific, admissible evidence showing that there is a material issue for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The court views the record in the light most favorable to the non-moving party and draws all reasonable inferences in that party's favor. *Barbera v. Pearson Education, Inc.*, 906 F.3d 621, 628 (7th Cir. 2018). The court cannot weigh evidence or make credibility determinations on summary judgment because those tasks are left to the fact-finder. *Johnson v. Advocate Health & Hospitals Corp.*, 892 F.3d 887, 893 (7th Cir. 2018).

Mr. Davis failed to respond to the partial summary judgment motion. Accordingly, facts alleged in the Motion are deemed admitted so long as support for them exists in the record. *See* S.D. Ind. Local Rule 56-1 ("A party opposing a summary judgment motion must . . . file and serve a response brief and any evidence . . . that the party relies on to oppose the motion. The response must . . . identif[y] the potentially determinative facts and factual disputes that the party contends demonstrate a dispute of fact precluding summary judgment."); *Smith v. Lamz*, 321 F.3d 680, 683 (7th Cir. 2003) ("[F]ailure to respond by the nonmovant as mandated by the local rules results in an admission"); *Brasic v. Heinemanns, Inc.*, 121 F.3d 281, 285-286 (7th Cir. 1997) (affirming grant of summary judgment where the nonmovant failed to properly offer evidence disputing the movant's version of the facts). This does not alter the summary judgment standard, but it does "reduce the pool" from which facts and inferences relative to the motion may be drawn. *Smith v. Severn*, 129 F.3d 419, 426 (7th Cir. 1997).

## II. FACTUAL BACKGROUND

On January 5, 2014, Mr. Davis had a verbal altercation with Officer David Dale ("Officer Dale") at Pendleton while returning to his cellblock from recreation. Dkt. 121-1, p. 50-52. During or immediately following this altercation, Officer Dale grabbed Mr. Davis by the right arm or neck and ordered him to "cuff up." Dkt. 121-1, p. 52. Mr. Davis then spun around and pushed Officer Dale. Dkt. 121-1, p. 53. While Pendleton staff worked to subdue Mr. Davis, he was "kicked…in the head, and then sprayed [with] mace." Dkt. 121-1, p. 54-55. Mr. Davis asserts he was sprayed with O.C.[1] "all over my hair, my throat, my nose, my ears …. all over my body," and in the mouth, at least four times. Dkt. 121-1, pp. 37-38. As a result of this incident, Mr. Davis received a conduct report for battery, which he unsuccessfully appealed. Dkt. 121-1, p. 47-48; Dkt. 121-2.

After Mr. Davis was subdued, Officer Thrasher and two other correctional officers escorted Mr. Davis to Pendleton's infirmary. Dkt. 121-1, p. 11. According to Mr. Davis, "as they was leading me, Thrasher blindsided me, knocked me down," and they "repeatedly beat" him. Dkt. 121-1, p. 12. As a result of this incident, Mr. Davis received a second conduct report for battery, which he unsuccessfully appealed. Dkt. 121-1, p. 47-48; Dkt. 121-3.

When Mr. Davis arrived at Pendleton's infirmary, he "had a significant amount of mace that was sprayed down my throat, in my mouth. It caused me to choke and, yes, gag a lot, which resulted in a lot of drool." Dkt. 121-1, pg. 65. Lieutenant Mason directed medical staff to place a spit mask over Mr. Davis' face. Dkt. 121-1, pp. 72-73. After the spit mask was placed over his head, Mr. Davis could not breathe. Dkt. 121-1, p. 73. He then went unconscious. *Id*.

---

[1] OC stands for oleoresin capsicum and is commonly referred to as "pepper spray."

3

## III. DISCUSSION

Mr. Davis alleges that Lieutenant Mason exercised excessive force against him by directing an unknown officer to place a bag over his head. Dkt. 2. Lieutenant Mason seeks summary judgment on this contention explaining that application of the spit mask was appropriate under the circumstances.

"[W]henever prison officials stand accused of using excessive physical force in violation of the Cruel and Unusual Punishments Clause, the core judicial inquiry is . . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992) (citing *Whitley v. Albers*, 475 U.S. 312, 320-21 (1986)). Several factors are relevant to this determination, including the need for force, the amount applied, the threat a guard reasonably perceived, the effort made to temper the severity of the force used, and the extent of the injury caused to the prisoner. *Hudson*, 503 U.S. at 7.

Here, Lieutenant Mason has presented evidence that Mr. Davis was coughing or spitting blood. By directing the application of the spit mask, Lieutenant Mason acted with the amount of force necessary to protect others from contamination from Mr. Davis' bodily fluids and OC. There is no evidence that the spit mask was applied incorrectly or with excessive force. Finally, although serious injury is not required to allege an excessive force claim, the lack of a serious injury is a factor to be weighed by the Court. Here, Mr. Davis testified at his deposition that he became unconscious for a brief period because of the application of the spit mask. Dkt. 121-1, p. 73. He does not identify any other injuries or any lasting harm from the application of the spit mask. *Outlaw v. Newkirk*, 259 F.3d 833, 839 (7th Cir. 2001) (finding that a relatively minor amount of force used to achieve a legitimate security objective was not the sort of force that was "repugnant to the conscience of mankind."). In short, Lieutenant Mason has shown that the use of the spit

mask was done in a good-faith effort to ensure the safety of those around Mr. Davis at the time and not maliciously or sadistically to cause harm. Having failed to respond to the Motion for Partial Summary Judgment, Mr. Davis has failed to show otherwise. Lieutenant Mason is therefore entitled to summary judgment on the claims against him.

## IV. <u>CONCLUSION</u>

For the foregoing reasons, Lieutenant Mason's Motion for Partial Summary Judgment, Dkt. [120], is **GRANTED**. The claims against Lieutenant Mason are **dismissed**. No partial final judgment shall issue as to these claims. The Court will direct further proceedings as appropriate through a separate order.

**SO ORDERED.**

Date: 9/20/2019

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

DISTRIBUTION:

Terry Davis, #966898
PENDLETON CORRECTIONAL FACILITY
Electronic Service Participant – Court Only

Benjamin C. Ellis
OFFICE OF THE INDIANA ATTORNEY GENERAL
benjamin.ellis@atg.in.gov

Lyubov Gore
OFFICE OF THE INDIANA ATTORNEY GENERAL
lyubov.gore@atg.in.gov

5