**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | |
|---|---|
| TERRY DAVIS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:15-cv-01206-TWP-TAB |
| | ) |
| DAVID MASON, Lt., and | ) |
| BLAKE THRASHER, Officer, | ) |
| | ) |
| Defendants. | ) |

## ORDER GRANTING IN PART AND DENYING IN PART MOTION *IN LIMINE*

This mater is before the Court on the Defendants Motion *in Limine*, seeking to exclude certain categories of testimony. (Dkt. 167.) For the reasons stated below, the Motion is **granted in part and denied in part**.

### I. DISCUSSION

"[J]udges have broad discretion in ruling on evidentiary questions during trial or before on motions in limine." *Jenkins v. Chrysler Motors Corp.*, 316 F.3d 663, 664 (7th Cir. 2002). The court excludes evidence on a motion *in limi*ne only if the evidence clearly is not admissible for any purposes. *See Hawthorne Partners v. AT&T Technologies, Inc.*, 831 F. Supp. 1398, 1400 (N.D. Ill. 1993). Unless evidence meets this exacting standard, evidentiary rulings must be deferred until trial so questions of foundation, relevancy, and prejudice may be resolved in context. *Id.* at 1400-01. Moreover, denial of a motion *in lim*ine does not necessarily mean that all evidence contemplated by the motion is admissible; rather, it only means that, at the pretrial stage, the court is unable to determine whether the evidence should be excluded. *Id.* at 1401.

The Defendant filed the instant Motion *in Limine* on January 19, 2021, and Plaintiff did not file a response. As an initial matter, the Court notes that because this case is now proceeding

to a bench trial, many of the parties' arguments regarding potential for confusion or undue prejudice are mooted. *See United States v. Shukri*, 207 F.3d 412, 419 (7th Cir. 2000) ("In a bench trial, we assume that the district court was not influenced by evidence improperly brought before it unless there is evidence to the contrary."). With these principles in mind, as discussed during the February 2, 2021 final pretrial conference, the following rulings are made.

The Defendants' Motion *in Limine* is **granted** as to the following categories of evidence: (1) any testimony or evidence related to unrelated complaints, or discipline, or any lawsuits against the Defendants or other State employees; (2) any settlement or settlement negotiations between the parties, whether of this case or any other case; (3) the source of money to pay any damages that may be awarded; (4) any mention that defense lawyers work on behalf of the State of Indiana; (5) any allegation of misconduct by State agencies not related to the allegations in this case; (6) any evidence or argument about the Defendants' alleged failure to call witnesses or present evidence; (7) any "golden rule" argument; (8) any evidence related to attorneys' fees; and (9) any evidence regarding diagnosis or causation of any medical condition unless offered through the testimony of a qualified expert.

The Motion *in Limine* is **denied** to the extent the Defendants seek to exclude: (1) any reference to the summary judgment motion or order and that this Court issued a decision; or (2) reference to mental or emotional damages.

Rulings on motions *in limine* are preliminary. If a party believes that evidence preliminarily deemed admissible or inadmissible should be challenged, counsel may raise a challenge at trial.

## II.  CONCLUSION

For the reasons discussed above, the Defendants' Motion *in Limine*, (Dkt. [167]), is **GRANTED in part and DENIED in part**.

**SO ORDERED.**

Date: 2/3/2021

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Terry Davis, #966898
PENDLETON CORRECTIONAL FACILITY
Electronic Service Participant – Court Only

William R. Growth, Recruited Counsel
VLINK LAW FIRM LLC
wgroth@fdgtlaborlaw.com

Cameron S. Huffman
INDIANA ATTORNEY GENERAL'S OFFICE
cameron.huffman@atg.in.gov