UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| TERRY DAVIS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:15-cv-01206-TWP-TAB |
| ) | |
| BLAKE THRASHER, ) | |
| ) | |
| Defendant. ) | |

**ORDER ON POST-JUDGMENT MOTIONS**

This matter is before the Court on the following post-judgment motions filed by Plaintiff Terry Davis ("Mr. Davis"): Motion for Writ of Execution, (Dkt. 217), Motion for Writ of Assistance, (Dkt. 218), Motion to Withdraw the Motion to alter or amend, (Dkt. 223), Motion to alter or amend, (Dkt. 221), Motion Requesting Status of Case 224, and Motion for Relief from Judgment, (Dkt. 225). In this civil rights lawsuit, Mr. Davis alleged that he was subjected to excessive force in violation of his Eighth Amendment rights on January 5, 2014, at Pendleton Correctional Facility. Some of Mr. Davis' claims were dismissed at screening, (Dkt. 10), and at summary judgment, (Dkt. 213), but his claim against defendant Blake Thrasher ("Officer Thrasher") went to a bench trial. The Court found in favor of Mr. Davis on his claim against Officer Thrasher and awarded him $35,000.00 in compensatory damages. (Dkt. 214.) Mr. Davis has since filed several motions regarding the payment of that damages award which the Court will address in turn.

**I. BACKGROUND**

Mr. Davis' claims in this case were based on an altercation he had with prison officials on January 5, 2014. Among other things, he alleged that Officer Dale used excessive force against

him, but that "no injuries were sustained."[1] (Dkt. 2 at 4.) Then Officer Thrasher arrived on the scene and thereafter used excessive force against him. *Id.* Mr. Davis also challenged the disciplinary report he received for this incident and the restitution award against him. The Court allowed Mr. Davis' excessive force claim against Officer Thrasher to proceed but dismissed the claim against Officer Dale because Mr. Davis alleged no injury. (Dkt. 10 at 3.) In addition, the Court dismissed Mr. Davis' challenge to the conduct report, explaining that the claim was barred by the doctrine in *Heck v. Humphrey*, 512 U.S. 477 (1994), which requires a claim that could shorten a prisoner's term of imprisonment to be brought as a habeas petition, not a § 1983 claim. *Id.* The Court also dismissed Mr. Davis' challenge to the restitution award, which Mr. Davis brought against separate defendants, as improperly joined to his excessive force claims. *Id.* at 4-5. The case went to trial against Officer Thrasher on the sole remaining claim and the Court awarded Mr. Davis compensatory damages. (Dkts. 213, 214.)

After final judgment issued, Mr. Davis filed a Motion for Writ of Execution, (Dkt. 217), and a Motion for Writ of Assistance, (Dkt. 218), in which he asked the Court to order Officer Thrasher to send the damages award to an address in Marion County, Indiana, which he identified and not deposit the funds into his prison trust account. Shortly after those motions were filed, Officer Thrasher filed a Satisfaction of Judgment notice, stating that a check in the amount of $35,000.00 was deposited into Mr. Davis' inmate trust account. (Dkt. 219.) Those funds were immediately withdrawn by the business Administrator at Pendleton to pay restitution charges that had been assessed against Mr. Davis. (Dkt. 222-1). Those charges included $29,726.63 for injuries sustained by Officer D. Dale and $1,124.07 for injuries sustained by Officer Thrasher on January

---

[1] Mr. Davis raised several other claims that were addressed in the screening Order and the Motion for Summary Judgment, but those claims are not relevant to his post-judgment motions.

5, 2014, the date of the events at issue in this lawsuit, and $13,569.20 for injuries sustained by Officer C. Layton on August 4, 2019. (Dkt. 222-1 ¶ 4.)

Mr. Davis then filed a motion to alter or amend judgment challenging the payment of restitution, arguing that most of those restitution charges were unrelated to this case. (Dkt. 225.) He asks the Court to amend the judgment and vacate the restitution charges, and award him an additional $35,000.00 in damages. *Id*. at 2.

## II. DISCUSSION

First, Mr. Davis' Motion for Writ of Execution, (Dkt. 217), and Motion for Writ of Assistance, (Dkt. 218), must be **denied as moot** because the Officer Thrasher has paid the damages award.

Next, Mr. Davis has not shown any entitlement to relief from judgment based on the deposit of the damages award into his prison trust account. Nor could he. The Prison Litigation Reform Act provides that compensatory damages awarded to a prisoner must be "paid directly to satisfy any outstanding restitution orders pending against the prisoner" before the plaintiff receives the balance. *Farella v. Hockaday*, 304 F. Supp.2d 1076, 1079 (C.D. Ill. 2004) (citing OMNIBUS CONSOLIDATED RESCISSIONS AND APPROPRIATIONS ACT OF 1996, PL 104–134, April 26, 1996, 110 Stat 1321; See *Prison Litigation Reform Act of 1995,* Section 807 (statutory note to [18 U.S.C.A Section 3626](#)). Unfortunately for Mr. Davis, by statute, he is required to use his compensatory damages award to pay any outstanding restitution.

What is more, the amount of restitution Mr. Davis owed because of prison disciplinary proceedings was not at issue in this lawsuit. Mr. Davis named Officer Dale as a defendant in this case but his claim against Officer Dale was dismissed because Mr. Davis alleged "no injuries were sustained" as a result of conduct by Officer Dale. (Dkt. 10.) So, the Court has made no ruling

regarding the altercation between Officer Dale and Mr. Davis on January 5, 2014. Similarly, this case has no relation to any incident that took place on August 4, 2019, involving Officer Layton. So, there is no basis to conclude that those restitution awards which were imposed as a result of disciplinary proceedings were inappropriate.

Finally, while Mr. Davis challenges the appropriateness of the restitution order based on his altercation with Officer Thrasher, a challenge to the restitution award imposed as a result of a prison disciplinary proceeding was not part of the claims resolved in this case. (*See* Dkt. 10.) Mr. Davis could have filed a separate lawsuit challenging the restitution award but did not. Unfortunately, he cannot raise such a claim now in this action, after final judgment has issued. *Cf. Vesely v. Armslist LLC*, 762 F.3d 661, 666 (7th Cir. 2014) (a plaintiff may amend a complaint after final judgment only with leave of court after the judgment has been set aside or vacated).

### III. CONCLUSION

For the reasons stated above, Mr. Davis' Motion for Writ of Execution, Dkt. [217], and Motion for Writ of Assistance, Dkt. [218], are **DENIED as moot**. His Motion for Relief from Judgment, Dkt. [225], must be **DENIED**. His Motion to Withdraw the Motion to alter or amend, Dkt. [223], is **GRANTED,** and the Motion to alter or amend, Dkt. [221], is **withdrawn**. Mr. Davis' Motion requesting status, Dkt. [224], is **GRANTED** consistent with this Order.

**SO ORDERED.**

Date: 8/23/2021

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

4

DISTRIBUTION:

Terry Davis, #966898
PENDLETON CORRECTIONAL FACILITY
Electronic Service Participant – Court Only

Zachary Robert Griffin
INDIANA ATTORNEY GENERAL'S OFFICE
zachary.griffin@atg.in.gov

Molly Michelle McCann
INDIANA ATTORNEY GENERAL'S OFFICE
molly.mccann@atg.in.gov